UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELVIS DARIEL
ROMAN-CASTELLANOS,

     Petitioner,

                                      Case No. 26-cv-10369

v.                                    Hon. Matthew F. Leitman

KEVIN RAYCRAFT, *et al.*,

     Respondents.

_____/

## <u>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS</u>
## <u>(ECF No. 1)</u>

Petitioner Delvis Dariel Roman-Castellanos is currently being held in detention by Immigration and Customs Enforcement ("ICE") at the Monroe County Jail in Monroe, Michigan. (*See* Pet., ECF No. 1, PageID.2-3.) ICE claims that it has the authority to detain Roman-Castellanos under Section 1225(b)(2) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1225(b)(2). (*See* Resp., ECF No. 5, PageID.93-112.)

Roman-Castellanos filed a Petion for a Writ of Habeas Corpus in this Court on February 2, 2026. In the petition, he argues that that he is being detained in violation of both the INA and the U.S. Constitution. (*See* Pet., ECF No. 1.) He names as Respondents Kevin Raycraft, the Detroit Field Office Director of ICE's

Enforcement and Removal Operations; the U.S. Department of Homeland Security ("DHS"); DHS Secretary Kristi Noem; the U.S. Attorney General (formerly Pamela Bondi); the Executive Office for Immigration Review; and Julie Massengill, the Jail Administrator of the Monroe County Jail. (*See id.*)  On April 10, 2026, the Court held a hearing on the Petition.

In *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025), the Court previously addressed the same issues presented in Roman-Castellanos' Petition.  In *Hurtado-Medina*, the Court held that the petitioner was not properly subject to detention under 8 U.S.C. § 1225(b)(2). *See Hurtado-Medina*, 2025 WL 3268896, at *10.

During the hearing in this case, counsel for Respondents candidly acknowledged that the issues presented here are the same as those presented in *Hurtado-Medina*.  For the same reasons given by the Court in Hurtado-Medina, the Court concludes that Roman-Castellanos is not properly detained under 8 U.S.C. § 1225(b)(2).  And for the same reasons as those stated in *Hurtado-Medina*, the Court excuses any administrative exhaustion requirements on the grounds that exhaustion is futile. *See id.* at *7–8.  Accordingly, the Court **GRANTS** the Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** as follows: Respondents shall release Roman-Castellanos from custody **within seven days** unless he has been given a

bond hearing under Section 1226(a) of the INA before an immigration judge prior to that time.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126